IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMARA KAY FULMER-STEWART, | § § § | |
| *Plaintiff,* | § § | SA-25-CV-00412-OLG |
| vs. | § § § | |
| HEMISFAIR PARK, HEMISFAIR PARK AND HPARC, ADMIN. OFFICES; | § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for an order on Plaintiff's motion to proceed *in forma pauperis* and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the District Court dismiss this action for failure to prosecute.

**I. Background and Analysis**

By this suit, Plaintiff attempts to sue the Hemisfair Park Conservancy and Hemsifair Park Area Redevelopment Corporation for theft of services, breach of contract, and "non-payment." On May 9, 2025, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* and undertook a review of the pleadings under Section 1915(e). The undersigned found that Plaintiff had failed to include sufficient factual allegations to support any cause of action against the named Defendants over which the Court has subject-matter jurisdiction. The undersigned therefore ordered Plaintiff to file a More Definite Statement to assist the Court in evaluating the viability of her claims. In the undersigned's order, Plaintiff was instructed to respond to specific

questions regarding her claims. The More Definite Statement was due on June 6, 2025. On May 20, 2025, the Court received an Advisory from Plaintiff [#10], which accuses the Clerk's Office of various bad acts. That same day Plaintiff filed two motions [#11, #12], which ask the Court to suspend its review of this case while the Fifth Circuit considers various filings by Plaintiff. These filings do not address the specific questions listed in the undersigned's order dated May 20, 2025 [#7] or the allegations Plaintiff is asserting against the two named Defendants in this lawsuit.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). The undersigned's order regarding the required More Definite Statement warned Plaintiff that a failure to file the More Definite Statement could result in dismissal of her claims against Defendants. Without Plaintiff's answers to the questions listed in the undersigned's order regarding the required More Definite Statement, the Court is unable to evaluate whether she has pleaded a plausible claim for relief such that her Complaint should be served on Defendants. In light of Plaintiff's failure to file the ordered More Definite Statement, the undersigned will recommend this action be dismissed for failure to prosecute and failure to follow a court order.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that this case be dismissed for failure to prosecute and failure to follow a court order.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    SIGNED this 16th day of June, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE